IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01248–KMT

JAMES E. JENNINGS,

    Plaintiff,

v.

MICHELLE K. LEE, Deputy Under Secretary of Commerce for Intellectual Property, and DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,

    Defendants.

---

## ORDER TO FILE AN AMENDED COMPLAINT

---

This matter before the court is Plaintiff's Title VII Complaint.  (Doc. No. 1 [Compl.], filed June 12, 2015.)  Plaintiff purports to bring a lawsuit pursuant to "Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5."  (*See* Compl. at 2.)  However, the Complaint is vague, confusing, and at times, incoherent.  (*See generally id.*)  As a result, the court cannot decipher any factual basis in the Complaint for a Title VII claim.

### LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). A complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.

In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8. A complaint that does not comply with this may also be subject to dismissal.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See* Hall, 935 F.2d at 1110.

## ANALYSIS

The Tenth Circuit encourages district courts to "helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). *See also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010). Plaintiff's Complaint fails to intelligibly articulate the specific allegations as to Defendant and the corresponding basic details, such as the

date of any specific actions by Defendant.  For example, while Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, he fails to allege that he was employed by Defendant or provide the date when his employment was terminated.  Plaintiff also fails to provide information regarding whether he is a member of a protected class or if he engaged in opposition to an unlawful employment practice.  *See, e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1) (discrimination), 2000(e)-3(a) (retaliation).  Plaintiff states only that he "is an inventor who is the named inventor on more than 10 patents issued by the PTO," and that "we seek less discrimination and emancipation from a Calculation."  (Comp. at 2–3.)  In short, the Complaint fails to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Moreover, Defendants filed a "Notice of Related Cases" (Doc. No. 6) in this case to point out the similarities between this Complaint and another, nearly identical Complaint already dismissed by United States District Judge Philip A. Brimmer, (Compl., *Jennings v. Lee,* No. 15-cv-01265-PAB [D. Colo. Sept. 18, 2015].)  Indeed, the Complaint dismissed by Judge Brimmer less than one month ago is nearly identical to the Complaint the Plaintiff filed in this case nearly four months ago.  (*Compare* Compl. *with* Compl., *Jennings*.)  The only differences appear to be that the Complaint in this case contains 1) different dates, 2) a different patent application number, and 3) a different item name and retail price.  (*Compare* Compl. *with* Compl. at 5, 6, *Jennings*.)  Everything else, including the entirety of pages one through four, is identical.  Judge Brimmer dismissed that Complaint for identical reasons, and this court follows suit.  *See* Final Judgment at 1, *Jennings*.

## CONCLUSION

To secure the just, speedy, and inexpensive determination of this matter, as dictated by Rule 1 of the Federal Rules of Civil Procedure, the court finds it necessary to *sua sponte* strike the Complaint due to its failures as set forth above. The court grants Plaintiff leave to file an Amended Complaint that complies with this Order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil. Accordingly, it is

**ORDERED** that Plaintiff file an Amended Complaint within thirty days of this order curing the deficiencies described above.

Dated: October 7, 2015

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge