IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–01248–KMT

JAMES E. JENNINGS,

    Plaintiff,

v.

MICHELLE K. LEE, Deputy Under Secretary of Commerce for Intellectual Property, and DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff's Civil Rights Complaint (Doc. No. 8, filed Oct. 29, 2015) (the "Second Amended Complaint").

    On October 7, 2015, this court ordered Plaintiff to file a Second Amended Complaint. (*See generally* Doc. No. 7, Order to File an Amended Complaint.) In the Order, the court explained that Plaintiff's Complaint failed to intelligibly articulate the specific allegations as to Defendant and the corresponding basic details, such as the date of any specific actions by Defendant. (*See id.*) For example, while Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, he fails to allege that he was employed by Defendant or provide the date when his employment was terminated. Plaintiff also fails to provide information regarding whether he is a member of a protected class or if he engaged in

opposition to an unlawful employment practice.  *See, e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1) (discrimination), 2000(e)-3(a) (retaliation).  Plaintiff states only that he "is an inventor who is the named inventor on more than 10 patents issued by the PTO."  (Doc. No. 4 at 2.)  The court explained the requirements of Fed. R. Civ. P. 8 and advised Plaintiff that the complaint failed to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.  (Doc. No. 7 at 3.)  On October 29, 2015, Plaintiff filed his Second Amended Complaint.  (Doc. No. 10.)

In Plaintiff's Second Amended Complaint, he provides general law regarding Title VII cases.  (*See* Doc. No. 10.)  However, Plaintiff still fails to allege he was employed by Defendant.  (*See id.*)  It also appears Plaintiff now seeks to assert a claim regarding a patent application.  (*See id.* at 5-7.)  However, Plaintiff's attempt to assert any such claim is unintelligible.

The court previously explained to Plaintiff

> "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  A complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.
>
> In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8.  A complaint that does not comply with this may also be subject to dismissal.

(Doc. No. 7 at 1-2.)

Plaintiff's Second Amended Complaint fails to clearly articulate the specific allegations as to Defendant and the corresponding basic details. In the Second Amended Complaint, Plaintiff states that Defendant is sued in her official capacity as Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. (Doc. No. 8 at 2.) However, Plaintiff provides no explanation of what actions she took that relate to Plaintiff or that form a basis for any legal claims. This does not meet the pleading standard explained to Plaintiff in the court's October 7, 2015, Order, to the effect that a complaint

> must provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989).

(Doc. No. 7 at 1-2.) As the court also noted in its October 7, 2015, Order,

> The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110.

(Doc. No. 7 at 2.) This means that the court cannot create legal claims for Plaintiff when he does not offer factual allegations to support a legal claim. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). To the contrary, it is Plaintiff's responsibility to "'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that Plaintiff is entitled to relief.  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Comm's Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  (Doc. No. 7 at 2.)  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  The Second Amended Complaint fails to meet the requirements of Rule 8 and is therefore subject to dismissal.

For the foregoing reasons, the court concludes that this case should be dismissed without prejudice.  However, this case was assigned to the undersigned pursuant to the Pilot Project to Assign Civil Cases to Full Time Magistrate Judges.   Because this court has not obtained consent of the parties, this case must be reassigned to a District Judge under D.C.COLO.LCivR 40.1.

**WHEREFORE**, it is

**ORDERED** that this case shall be assigned to District Judge Philip A. Brimmer pursuant to D.C.COLO.LCivR 40.1(c).[1]

---

[1] Defendants filed a "Notice of Related Cases" (Doc. No. 6) in this case to point out the similarities between this Complaint and another, nearly identical case already dismissed by District Judge Philip A. Brimmer.  (See Jennings v. Lee, No. 15-cv-01263-PAB-KLM.)

Further, it is respectfully

**RECOMMENDED** that this case be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the

district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 17th day of November, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge